IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROGER C. BARBE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-441 |
| | § | |
| GOVERNMENT EMPLOYEES INSURANCE | § | |
| COMPANY, d/b/a GEICO, | § | |
| | § | |
| Defendant. | § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on September 17, 2014, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    COUNSEL FOR THE PARTIES**

Plaintiff(s):

> Andrew B. Sommerman
> Ryne Sandel
> Sommerman & Quesada, LLP
> 3811 Turtle Creek Blvd., Suite 1400
> Dallas, TX  75219
> 214/720-0720
> 214/720-0184 (Fax)

Defendant(s):

> Meloney Perry
> Christopher T. Colby
> Stacy Thompson
> Perry Law P.C.
> 10440 North Central Expressway, Suite 1120
> Dallas, TX  75231
> 214/265-6201
> 214/265-6226 (Fax)

**B.      STATEMENT OF JURISDICTION**

There is complete diversity of citizenship between the Plaintiff and the Defendant in this case; the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Jurisdiction is based upon diversity of citizenship under Title 28 U.S.C. § 1132 and is not disputed. The UIM coverage limits on the Government Employees Insurance Company (hereinafter "GEICO" or "Defendant") insurance policy at issue (No. 4179-68-61-10) from which Plaintiff seeks underinsured motorist benefits are $300,000.00 per person.

**C.      NATURE OF ACTION**

Plaintiff's statement: This is a suit for benefits available under the underinsured motorist provisions of an insurance policy provided by GEICO. Plaintiff must show that he is entitled to these benefits by proving the negligence of Deborah Ingersoll, a motorist involved in a wreck with Plaintiff on May 23, 2012. Plaintiff must also prove the amount of damages proximately caused by the motor vehicle wreck of May 23, 2012.  Plaintiff contends that Deborah Ingersoll was an underinsured motorist as that term is defined by Texas law and the GEICO insurance policy.  The damages sustained in the wreck exceed the amount of Ms. Ingersoll's coverage. As such, Plaintiff seeks recovery of those underinsured motorist benefits provided by his GEICO automobile insurance policy. Ms. Ingersoll is not a party to this suit. In order to recover, Plaintiff must not only prove the negligence of Ms. Ingersoll proximately caused the injuries he sustained, but must also prove that he had UIM coverage and that Ms. Ingersoll did not have sufficient coverage. *See In re Reynolds*, 369 S.W.3d 638, 652 (Tex. App.—Tyler, 2012, no pet.). Exclusion of any evidence of insurance would prejudice Plaintiff's ability to present his UIM clam. *In re Foremost Ins. Co.*, 966 S.W.2d 770, 772 (Tex. App.—Corpus Christi, 1998, no pet.).

Defendant's additional statement:  Defendant contends that there is no factual or legal issue that will be tried or presented to the jury in this matter regarding Plaintiff's alleged right to underinsured motorist ("UIM") benefits. Rather, the trial will only address Plaintiff's negligence claim as it pertains to the accident at issue and his alleged damages resulting from such negligence. The injection of the issue of insurance in the trial is highly prejudicial to Defendant. Because the issue of insurance is not relevant to the negligence case, evidence thereof is inadmissible and should be excluded. *See* Fed. R. Evid. 411. *See also In re Reynolds*, 369 S.W.3d 638, 652(Tex. App. – Tyler, 2012): while a negligence claim and a related UIM claim have in common the facts and issues relating to whether the alleged tortfeasor was negligent i.e. whether the alleged negligence proximately caused the plaintiff's damages and the amount of the plaintiff's damages, the remaining elements of a UIM claim—whether the plaintiff had UIM coverage and whether the tortfeasor had insurance coverage in at least the amount of the damages

awarded —are unrelated to the facts and issues pertaining to the negligence claim. While the two causes of action have some overlapping facts and issues, they do not involve "the same facts and issues" – and such coverage issues will not be presented to the jury in this trial.


**D.      CONTENTIONS OF THE PARTIES**

Plaintiff's Statement

On May 23, 2012, Deborah Ingersoll was traveling on West 15th Street approaching the intersection at Coit Road in Plano, Texas. She made an unsafe turn into traffic, collided with another car and crossed at least five lanes of traffic and a median before striking Plaintiff Roger Barbe's vehicle. The two vehicles collided, causing Ms. Ingersoll's vehicle to travel over the three northbound and southbound lanes of traffic on Coit Road, finally crashing into Plaintiff Roger Barbe's vehicle.

As a result of this collision, Mr. Barbe suffered serious injuries, including injuries to his neck, back and right hand, requiring medical attention. Mr. Barbe was transported by ambulance to the Medical Center of Plano's Emergency Department where he was treated and later discharged. However, due to consistent back pain, Mr. Barbe sought treatment from Dr. Donald Mackenzie at Spine Solutions. Mr. Barbe incurred reasonable and necessary medical expenses exceeding $17,000.00.

In addition to the reasonable and necessary medical expenses incurred by Mr. Barbe, he has also experienced mental anguish in the past and such mental anguish will in all likelihood continue in the future.  Mr. Barbe currently suffers from physical pain and in all probability, such physical pain will continue in the future.  Mr. Barbe also suffered from physical impairment and in all reasonable probability, such physical impairment will continue in the future.  Mr. Barbe also suffered a loss in earning capacity as a result of the car wreck on May 23, 2012.  The damages suffered by Mr. Barbe exceed the insurance policy limits held by Ms. Ingersoll, and he is therefore seeking recovery of the underinsured motorists benefits provided by his GEICO automobile insurance policy.

Defendant's Statement:

The jury trial in this matter is solely to determine whether Plaintiff is "legally entitled to recover" damages from the alleged tortfeasor, Ms. Ingersoll, and if so, what is the amount of Plaintiff's damages stemming from any alleged bodily injury caused by that negligence. The only legal claim presented in this jury trial is Plaintiff's claim of negligence against Ms. Ingersoll. Evidence of the amount of liability insurance that Ms. Ingersoll had or of the amount of UIM insurance coverage provided in Plaintiff's insurance policy with Defendant is irrelevant to any factual or legal issue to be presented in the trial of this portion of Plaintiff's lawsuit.  The trial should only include the jury's factual determination of Ms. Ingersoll's negligence and legal liability, if any, to Plaintiff.

Defendant denies that Plaintiff has established under Texas law that he is legally entitled to recover UIM benefits under the automobile insurance policy covering his vehicle on May 23, 2012, which provides UIM benefits to a covered person who "is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person … caused by an accident." Under Texas law, and Defendant's insurance policy with Plaintiff, in order to recover UIM coverage benefits as a result of a motor vehicle accident, the insured must establish the condition precedent under the insurance policy that he or she is "legally entitled to recover" from an underinsured tortfeasor.   Unless and until that occurs, an insurer's duty to pay UIM benefits does not arise. This jury trial will focus only on the liability of Ms. Ingersoll and the damages aspect of Plaintiff's claim for UIM benefits.

E.        **STIPULATIONS AND UNCONTESTED FACTS**

1.        Plaintiff (Roger Barbe) and Deborah Ingersoll, were involved in motor-vehicle collision on May 23, 2012 in the city of Plano, Texas.

2.        Defendant admits that on or about May 23, 2012, Plaintiff was operating a 1999 Pontiac GrandAm southbound in the 1500 block of Coit Road in Plano, Texas.

3.        Defendant admits that on or about May 23, 2012, Deborah Ingersoll was operating a 2002 Nissan Xterra, and, after turning from driving westbound at the 3500 block of W. 15th Street in Plano, Texas, and onto northbound of the 1500 block of Coit Road in Plano, Texas, collided with the front of Plaintiff's vehicle.

4.        Defendant does not stipulate to the reasonableness and/or necessity of the following medical bills, nor that the following medical bills were proximately caused by or are related to the wreck giving rise to this lawsuit, nor that the following represents at this time the proper measure of medical bills under Texas law per *Haygood v. Escabedo*, 356 S.W.3d 390 (Tex. 2011).  But,the parties agree that the amounts either paid or still currently owed to medical providers, as presented by Plaintiffs' Seventh Supplemental Rule 26(a)(1) Disclosures, are as follows:

| MEDICAL PROVIDER | AMOUNT PAID | AMOUNT STILL OWED |
|---|---|---|
| Plano Fire Department | $0.00 | $610.00 |
| Medical Center of Plano | $10,000.00 | $14,303.41 |
| QuestCare Medical Services | $0.00 | $360.00 |
| Spine Solutions | $568.00 | $0.00 |
| Texas Radiology Associates | $0.00 | $1,314.00 |

| Upright Imaging/Up and Open Imaging | $0.00 | $10,128.00 |
|---|---|---|
| Dr. Nosnik | $0.00 | $8,734.00 |
| Ambulatory Surgical Institute of Dallas | $0.00 | $8,480.00 |
| Pine Interventional Pain/Pine Interventional Procedure Center, LLC | $0.00 | $4,258.50 |
| Pinecreek Medical Center | $0.00 | $220.00 |
| East Rehabilitation/Metroplex Pain Management/Addison Pain Management | $0.00 | $2,222.50 |
| Dr. Paul Vaughn | $550.00 | $0.00 |
| **TOTALS** | **$11,118.00** | **$50,630.41** |

## F.   CONTESTED ISSUES OF FACT AND LAW

The legal issues presented include whether Ms. Ingersoll's negligence was the cause of the May 23, 2012 incident and the cause of Plaintiff's alleged bodily injuries, i.e. Ms. Ingersoll's legal liability to Plaintiff for his bodily injuries. If the jury determines Ms. Ingersoll's negligence caused the accident and caused Plaintiff's claimed bodily injuries, the jury will then determine the amount of compensatory damages Plaintiff is entitled to recover from Ms. Ingersoll for such bodily injury. There are no legal or factual issues to be presented to the jury involving any property damage claim with respect to Plaintiff's automobile.  The jury instructions will focus on the proper instructions pertaining to Plaintiff's negligence claim and if necessary, the jury's determination of any compensatory damages Plaintiff is legally entitled to.

## G.   LIST OF WITNESSES

Pursuant to this Court's rules, each party will submit a separate list of witnesses who (1) will be called to testify at trial; (2) may be called to testify at trial; and (3) may be presented by deposition testimony at trial.  These lists are attached hereto.

## H.   LIST OF EXHIBITS

Pursuant to this Court's rules, each party will submit a separate list of exhibits which (1) will be used at trial; and (2) may be used at trial.  These lists will be provided on the form provided by this Court, and are attached hereto.

## I.   LIST OF ANY PENDING MOTIONS

1. Plaintiff's Motion in Limine (to be filed)

2. Defendant's Motion in Limine (to be filed)

**J.   PROBABLE LENGTH OF TRIAL**

Pursuant to this Court's Order on limitations of trial time (Court Docket No. 42), it is the parties' understanding that each side will be allowed six (6) hours in which to conduct direct and cross examination of witnesses.  Although the parties reserve the right to motion to this Court for additional time should the necessity arise, it is anticipated that this trial will last three (3) days, including jury selection, presentation of evidence and opening and closing statements.

**K.   MANAGEMENT CONFERENCE LIMITATIONS**

Other than those limitations imposed by this Court in the Court's Order on limitations of trial time (see Court Docket No. 42), none.

**L.   CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)   Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)   Each exhibit in the List of Exhibits herein:
      (a) is in existence;
      (b) is numbered; and
      (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

 */s/ Andrew B. Sommerman*
Andrew B. Sommerman
Ryne Sandel
Sommerman & Quesada, LLP
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX  75219
214/720-0720
214/720-0184 (Fax)

*/s/ Christopher T. Colby*
Meloney Perry
Christopher T. Colby
Stacy Thompson
Perry Law P.C.
10440 North Central Expressway, Suite 1120
Dallas, TX  75231
214/265-6201
214/265-6226 (Fax)

Subject to the rulings made at the Final Pretrial Conference, this Order is approved.

So **ORDERED** and **SIGNED** this **19** day of **September, 2014.**

_____
Ron Clark, United States District Judge